CHARLES J. GATCHELL *vs.* EDWARD H. MOODY.

Cumberland County.    Decided October 15, 1932.    When, about 1887, an ancient tide mill in Harpswell was torn down, and its machinery and timber removed by a purchaser, or one claiming under him, the stones that had been used for grinding grain were not disturbed. They eventually settled into the mud beneath where the mill had stood, and there remained until 1931.

On September 19, 1931, the defendant had one of the millstones in the yard of his home. The plaintiff replevied it.

The defendant filed a plea of the general issue, accompanied by a brief statement denying plaintiff's title, and setting up title in a third person, a stranger to the action. The brief statement also alleged that if the plaintiff ever had had title to the property, he had either abandoned it, or transferred his right and interest. Defendant demanded a return. The plea was joined.

At this stage the case was referred, the right to exceptions as to questions of law being reserved.

The distinct issue was whether, when the action was begun, the plaintiff had the right (not necessarily as against the world, but as against the defendant), to exclusive possession of the replevined chattel, coupled with ownership, general or special.

The referee decided for the plaintiff, and awarded him nominal damages. The Superior Court accepted the report of the referee, over written objection by the defendant, who excepted.

The plaintiff had the burden of proof. He introduced evidence sufficient in kind and character to carry a reasonable degree of conviction. In other words, he made out a *prima facie* case. The counter proof adduced did not essentially affect the inclination of the weight of the evidence to his side.

Such preponderance, or greater weight of the evidence, was to the effect that plaintiff's father died intestate, prior to 1887, seized of the real estate comprising the mill and mill privilege. The decedent was survived only by his wife and two sons, the plaintiff being one.

Apparently the razing of the mill, and the removal of its structure and machinery, were by no other authority than a bill of sale from the widow. Her estate or interest in the lands of her husband, under the laws of that day, was merely that of dower. Dower gave no right to sell the building and contents. The widow may, however, have been otherwise empowered, or her act subsequently ratified, but the matter is not of record; nor is it of present moment.

The plaintiff's brother was the father's other heir. He never married, dying intestate, after his mother's death, before the commencement of the replevin suit, leaving plaintiff as his sole heir.

The plaintiff, then, derived title to the millstone — as a part of the mill — through inheritances. Assignment, or liability to assignment, of the mill in dower, was at an end at the time of the second inheritance, the widow being dead.

There was no evidence of abandonment, or of voluntary transfer of the property. Nor, to answer a point made by the defendant's bill of exceptions, was there any sufficient evidence of the loss of title through adverse possession.

Ownership of the stone entitled the plaintiff to its possession.

The referee's report was rightly accepted. Exceptions overruled. *Ellis L. Aldrich*, for plaintiff. *Louis A. Jack*, for defendant.